Again, may it please the court, I'm Doug Rivorian of Pendleton West, representing plaintiff appellant Darnell McGarry. We're here on appeal in this matter because the magistrate below failed to observe a number of protections for pro se litigants that are well established in this circuit. If you could keep your voice up and articulate, that would be helpful. Sure. Most important of these protections is that pro se litigants must be given leave to amend once following dismissal unless it clearly appears that their complaints deficiencies cannot be overcome by amendment. Now here we have reasons for heightened application of that rule. In addition to Mr. McGarry's pro se status, he's litigating from civil commitment and has been diagnosed with serious mental conditions, namely paranoid schizophrenia and antisocial personality disorder. The opposition fully concedes that McGarry should have been given leave to amend at least with respect to some of his claims. In particular, claims against Dr. Richards for failing to protect McGarry from harassing behavior of staff and other inmates. Now this is notable because in the complaint the only direct allegation regarding Dr. Richards is that he is the director of SEC and SCTF responsible for McGarry's care and treatment. He's not tied directly to any further allegations in the complaint. We'd submit there's no principal difference between this claim and the other claims for which defendants argue leave to amend should be denied. Well, let's talk about one of them. You have a claim, as I recall, against the deputy prosecutor for Pierce County. That's correct. Why isn't the deputy prosecutor entitled to absolute immunity under Ambler v. Pacman? The... Initiating the proceeding by filing the certificate of probable cause. Right. Mr. McGarry's allegations against the prosecutor we believe fall squarely with an exception to absolute prosecutorial immunity laid out in Kalina v. Fletcher. Well, how does the statute contemplate that the proceeding begins? Isn't it with a certificate of probable cause that the prosecuting attorney files in the superior court? That's correct, but in that... So he acted pursuant to statute in initiating the civil commitment proceeding by filing the document that the law requires the prosecutor to file. Why isn't that clearly covered by Ambler v. Pacman? He is... Because in that document he is acting as an affiant. He is testifying to the court. But that one can't be signed by a King County or a Pierce County detective. It's a declaration that the law says the prosecutor has to sign. That's correct. And what does that declaration say? Is it... I confess I prepared this case long enough ago. I've got to make sure I got it right. What's that... Your argument is under Kalina that he's presenting evidence. That's correct. And once he presents evidence that he himself is testifying to his truth and not merely filing an indictment, not merely on information, not merely interviewing witnesses and so on. So what is it that you say he is testifying to? Or what's the nature of the testimony that you say comes out from under Ambler absolute immunity and puts him into qualified immunity? Well, generally speaking, the nature of the testimony he gives in that document is about McGarry's criminal history and the reasons, factual assertions about the reasons why there's probable cause. And where's the declaration in the record so I can look at it? That is the problem, is that that certificate of probable cause was submitted by neither party. Well, how can we resolve the issue if you don't give us the evidence to do it? I agree with that entirely, which is one of the reasons that the magistrate should not have granted summary judgment on that claim. Well, the burden is on you to show that you have a colorable claim. And if you didn't supply evidence to permit the court to make that conclusion, you lose. It's as simple as that. Right. We have several other complaints about the motion for summary judgment, which I think address that concern. So do you concede that issue then? Is that what I'm hearing you say? But now you want to move on to some other claim? If we are – if the question is whether there is direct – if Mr. McGarry has made direct proof of his claim that the prosecutor falsified information in the probable cause certificate, we concede that that is not on the record. With respect to whether summary judgment should have been granted, though, the district court – I'm sorry, the magistrate failed to apprise Mr. McGarry of the need to submit competent evidence. So your argument is that the summary judgment was premature. Your client should have been allowed to get the evidence if it was going to be there. That's correct. And presumably the district court can then make the informed judgment once it sees the declaration. Exactly. As to whether it's covered by IMLR or covered by Colina v. Fletcher. Correct. So, again, the appellees wish the court to engage in a detailed claim-by-claim futility analysis here. And we'd submit that such an analysis in the context of this complaint is really a fruitless exercise for this court to engage in. The district court did not engage in a futility analysis, which itself is reversible error. Well, let me ask this. Would it make sense for us to vacate and remand so that the district court can consider futility wiping out some claims and permit amendment on any claim where it would not be futile? That would be one possible resolution. What about the statute of limitation claims against Acker and Roberts? Certainly. Why shouldn't we simply affirm that one? I mean, that doesn't require much. Right, because there's nothing in the complaint that indicates that the conduct of which Mr. McGarry is complaining relates to their roles as members of the ESRC other than the identifying allegation. But we know the date on which he was released from the custody of the Department of Corrections, correct? Correct. And why can't we just look at that date and conclude that more than three years ran before he filed his initial complaint? Because these individuals, although the record indications of this is sparse, these individuals are involved with the SEC and Mr. McGarry's supervision of Mr. McGarry beyond their participation in commitment reforms. Okay, and Acker and Roberts, they're right? Yes, that's correct, Your Honor. And in particular, we refer the court to a Western District of Washington decision that identifies Defendant Acker as the manager of the Special Commitment Program. Mr. McGarry's claims may relate to other aspects of their roles at SEC and not specifically his commitment referral. Because we cannot determine from the current record that they necessarily relate to the ESRC, we cannot dismiss solely based on the session of limitations. Well, then how about let's talk about the involuntary medication claim. Do we have to send that one back too? That one, I thought there was enough in the record to show that he did get a hearing and he was never medicated. There is, defendants have submitted declaration evidence regarding what actually occurred with respect to his involuntary medication. Our argument is that it was improper for the court below to consider that. But it's unrefuted. Counsel, what troubles me about the position you're taking is this litigation has been going on for years. And at some point, I think we as an appellate court have an obligation to try and narrow the scope of the litigation so that if we're going to send it back down to the district court, we focus the district court on claims that really need to be addressed and separate the wheat from the chaff. Your position seems to be send everything back and let's start all over again. And that doesn't seem to me to be a very efficient use of judicial resources. It's a fair point, and yet under the standard for granting leave to amend, what should have happened in the first instance is that the district court should have given Mr. McGarry another shot at stating his claim. Unless we can make a futility determination based on the record that's before us, right? With respect to the treatment providers that would submit that, making that determination based on the evidence submitted by defendants and not evidence which was submitted without Mr. McGarry being apprised of his need to refute that evidence would be inappropriate. It's really more a summary judgment question at that point. Why don't we hear from the other side? You've got a few seconds and we'll make sure you get a chance to respond. May it please the Court? Donna Hamilton, Assistant Attorney General on behalf of the SCC defendants in this case. Are you going to split argument? We didn't intend to. We didn't intend to do that. If necessary, we'll go there. The SCC defendants are Dr. Richards and Dr. Ziebert. We concede that Mr. McGarry theoretically could amend his complaint to state a cause of action with regard to the assertions that the escort team were rude, unkind, or abusive to him and that DOC residents came in contact with him and taunted him. Did you ask in the district court on your 12B6 motion or your 12C motion that this be a dismissal with prejudice? No, we did not. And once it came back with prejudice, did you say, wait a minute, this looks like just almost automatic reversal under Lopez? Haste makes waste. Honestly, I don't believe we did and I just don't recall. Yeah, okay. All right. But we would concede that as to that particular claim, there is a remote possibility and that's good enough to remand for that particular issue. And as to the question of his heck argument being dismissed with prejudice, we do agree it should be dismissed without prejudice. As to the remaining issues, we are happy to rely on our briefing, unless you want to hear more. But the bottom line is that as to the remaining issues, we believe that they are futile and there is no reason to remand. Here's my question. Why should we as an appellate court make the first assessment of futility? In other words, I have some sympathy for Judge Tallman's observation that this has gone on a long time. And if we can, it would be nice to narrow the issues. But really it would be nice if the district court had assessed futility and one shot at amending otherwise in the first instance. And here it looks to me like the district court didn't do that. I'm somewhat reluctant to think that the appellate court should be going through the record on each claim trying to assess futility as opposed to just sending it back to the district court and telling the district court the state agrees this one claim is subject to amendment, but you make a decision whether any of the others are. What would be wrong with that? I agree that it's appropriate to separate the wheat from the chaff to preserve judicial resources. And, for example, one of his claims for money damages against state actors in their official capacity is not available under the 11th Amendment. Now you say in his official capacity. I went back and looked. He just names them, and he doesn't say official capacity or individual capacity. Why should we assume that this complaint is against them in their official capacity? Well, we assume that if he doesn't say, then we address both. So as to official... Are you arguing that damages are not available against them in their individual capacity? No, I'm not arguing that at all. No, no, no. In their official capacity. And as far as the statute of limitations, it's three years. And there's no reason to go back for the district court to say, yep, it's been three years or more since defendants Akers and Roberts participated in the End of Sentence Review Committee. I understand that, but I thought I heard counsel say that one of them served as the director of the SEC. Do we know the dates of that defendant's service? I do not know, and I don't believe that it's accurate to say worked for the SEC. I think it is accurate to say that she was participating on a group that assists residents once they come out of total confinement into the less restrictive alternative environment and under statute RCW 7109, the Department of Corrections has a role in that. Now, the problem that I see with remanding and saying, well, what else has she done that might possibly raise a claim, is that I believe that it's incumbent on the appellant to step forward and tell you that. Remand because this particular... If the district court didn't give the plaintiff an opportunity to amend, isn't that really what the plaintiff is asking for? Well, the court, by not giving him an opportunity to amend on futile claims, was not error. If there was an issue to indicate that the claim is not futile, it's appropriate for you to look at it and make a determination that it's not futile, there's no reason to go back. Excuse me, if it is futile, there's no reason to go back. Therefore, on appeal, it would seem appropriate that appellant would come forward and say, here are the reasons why it's not futile. It's an opportunity to say, this is what I would say if I get another bite at the apple. And nothing's been said. Things along the lines of, maybe some other incident occurred. That's insufficient to demonstrate. Counsel, so your position then is that the appellate court should make the first assessment of futility. I think that it is. Does that make sense in terms of our function here? I mean, I realize that's where you are now. I don't know why the state would not have told the district court at the outset, you have to allow leave to amend absent futility, so the district court could address the issues under the proper standard. It certainly would have been preferable had that occurred. Okay, well, if that didn't occur, then why should the appellate court go through it, make an issue-by-issue futility assessment? Well, the court did say in Lopez v. Smith that where the amendment of the complaint would be futile, leave to amend need not be provided, even under a liberal construction of pro se pleadings. Now, granted, that was relating to the district court making a futility determination. I agree with that rule completely, but the district court is supposed to do that ordinarily. And I suppose if something is obviously futile to us, we could kind of reach out and affirm on it. But I just don't understand why we should be put in that position, where it's like our burden to do that without the wisdom of the district court on it. The district court also has tools available so that the district court can convene a hearing or ask for more evidence if there's some issue that could affect futility, which obviously we can't do. I think that it is correct to say when something is obviously futile, there's no reason to go back. The 11th Amendment immunity issue being an example, there's no question. I'd be happy to write a line on the order that says, damages are not available against an employee of the state sued in his or her official capacity. But the district judge knows that. That's not hard. Right. The district judge knows it, and it's not hard, and it seems like a waste of time to go down there. Help me on the statute of limitation issue, because I'm a little confused based on the representation by counsel. I thought that Acker and Roberts' involvement ended with their role on the end-of-sentence review committee. But now I hear you saying they did something beyond that later. The way Mr. McGarry drafted his complaint, he indicated that the basis for his issue with Ackers and Roberts was related to their participation on the end-of-sentence review committee. And I take it what that really means is they're the ones who make a recommendation from the Department of Corrections to DSHS that this is a candidate for commitment. The way it works is they refer it to the prosecuting agency, which may be the county, as was in this case. And then the prosecutor makes a determination based on information they've received, whether it appears to the prosecutor that probable cause exists to support a petition. And so that's how it happens. That's what the DPA's role in this case was. Exactly. He reviewed what they sent to Pierce County and then signed the certificate. And compared it to his criminal record in Pierce County, put that together, and then went to the court and said, I think we have probable cause. May I please have an order? And as to anything that happened after that, Mr. McGarry made no assertions below, nor does he now. And if he wants the court to not consider this futile, it would seem that coming up with a couple of examples of why it's not futile would be helpful to this court. And as we briefed, we explained why we believe each one of these issues is futile. I think it's spelled out quite clearly in our briefing, and I won't belabor it. And we'll rest on that. Okay. Thank you very much. Response? I think I'd just like to address the point about the claims against Ms. Acker and Ms. Roberts. Again, if you could just keep your voice up and articulate, please. Counsel said that it was that McGarry indicated in the complaint that the basis of his claims against Acker and Roberts relate to the ESRC. I would say that it is unclear, looking from the complaint, whether or not they do so. She challenges you to now say what additional allegations you would make if we remanded with leave to amend. And our position in our briefs, at least, was that would be inappropriate at this stage. Is your answer, I don't know because I have to do more discovery? My answer is I'm not sure because I have not gotten that information from my client. Your answer is you've been appointed pro bono on appeal. You didn't write the original complaint. Your client has the information. Whatever it is, you don't know what it is. Correct. But I'd further offer that the standard is that the record must foreclose these claims, not that it's- Assuming that our panel is going to grapple with futility issue by issue as the state asks us to do, would appellant want us to permit supplemental briefing on that issue? And would we gain anything else if we let both sides file a supplemental brief? I believe a supplemental brief would only assist us if we were allowed to submit additional evidence regarding- That's what I was thinking. It might assist us as well is the question. The problem is it might be more in the state's interest to let the district court address these because if we have to sit here and dream up what's any conceivable argument, we might think something's conceivable that the district court with more factual knowledge would think is not. So, you know, I guess I'm just raising the question because obviously as one judge on the panel, you know, I'm making clear that I don't think it's our proper role to be assessing this in the first instance. But I just want to know if my colleagues disagree with me. Would you want to submit a supplemental brief? We would be happy to do so if the court requests it. Okay. Just so nobody's in any suspense on this one. If there is supplemental briefing, it will be by separate order and you'll find out about it. Okay. Thank you. Thank you very much. Now, with respect to all three of the appeals we just heard, of course we want to thank the state for its arguments, which I think have actually been very good. But you guys are doing your jobs and we're grateful you're doing your jobs. But we have a program, as I'm sure you know, that we apply pro bono counsel in certain cases. And they do this for free. And, of course, for young lawyers, you get a benefit out of it. But we do like to thank both you and the law firm that finances this. And so we appreciate the contribution to the system. If I may, it has been a great pleasure to work with these attorneys. They've been very cordial and it has been a very nice experience with this particular group. Okay. Well, thank you very much. Thank all of you. I appreciate all the counsel's presentations. And this last case, McGarry v. Culpepper, is now submitted for decision.
judges: Fletcher, Gould, Tallman